MARRERO, DEMANDANTE Y APELADO, *v.* ORTEGA, DEMANDADO Y APELANTE.

No. 3365.—*Visto:* Febrero 19, 1925. *Resuelto:* Febrero 20, 1925.

DESLINDE—NOTIFICACIÓN NULA—JURISDICCIÓN—ORDEN NULA.—Cuando el colindante demandado en una acción de deslinde no comparece a la vista y aparece que no fué notificado con tres días de anticipación, como requiere el artículo 286 del Código de Enjuiciamiento Civil y como dispuso la corte, la orden decretando el deslinde es nula.

ORDEN de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar petición de deslinde. *Revocada.*

*L. Toro Cabañas,* abogado del apelante; *Campillo & Campillo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de una acción sobre deslinde iniciada de acuerdo con el artículo 286 del Código de Enjuiciamiento Civil.

La petición se archivó el 30 de enero de 1924 y el 5 de febrero siguiente la corte señaló su vista para el día 13 de febrero de 1924, a las 9 A.M., lo que deberá ser notificado con copia de la solicitud a la parte contraria, tres días antes de la vista y un día más por cada veinte y cinco millas de distancia entre el sitio en que se haga la notificación y el lugar de la vista.''

No aparece de los autos que el demandado fuera citado para la vista del día 13 de febrero. Figura sí en la transcripción una notificación para el 21 de febrero, hecha el 19 del mismo mes, y después consta otra notificación que en lo pertinente dice: ''Por la presente se notifica a Ud. que la corte a petición del demandante pospuso la vista del presente caso para el día 3 de marzo a las 9 A.M., cuyo día deberá usted comparecer. . . . .'' La notificación fué diligenciada el 1 de marzo de 1924 en el barrio Padilla, de Corozal.

No compareció el demandado y la corte celebró la vista en su ausencia y decretó el deslinde solicitado. Contra esa resolución de la corte es que se ha interpuesto el presente recurso de apelación, señalándose en el alegato la comisión de tres errores, a saber: 1, no se notificó debidamente al demandado; 2, la petición no aduce hechos suficientes para determinar la causa de acción ejercitada, y 3, la prueba es insuficiente. La parte apelada ni compareció al acto de la vista, ni archivó alegato.

No es necesario analizar los errores segundo y tercero. Basta el examen del primero para revocar la orden apelada. No sólo la corte decretó que se notificara al demandado tres días antes de la vista, si que la misma ley, artículo 286 del Código de Enjuiciamiento Civil, fija ese término como el período que debe mediar entre la notificación y la vista. La notificación se hizo el 1 de marzo y la vista estaba fijada y se celebró el 3 del propio mes. Resulta, pues, evidente que no se le dió el término fijado por la corte y la ley y en tal virtud que no se le notificó debidamente. Siendo ello así, la

vista celebrada en su ausencia es nula y cae, por tanto, por su base, la resolución apelada.

La circunstancia de haber sido citado el demandado anteriormente, no importa. Se le citó el 19 de febrero para comparecer el 21 en contra también de la ley y la orden de la corte y tampoco aparece que compareciera siendo suspendida la vista a petición de la propia parte demandante.

*Por tal motivo procede la revocación de la orden apelada.*