JOHN M. KOHN, demandante y apelado, *v.* FRANCISCO
MARTÍNEZ MARRERO, demandado y apelante.

No. 4121.—*Visto:* Marzo 18, 1927. *Resuelto:* Marzo 25, 1927.

1. APELACIÓN Y ERROR—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS
   FUNDAMENTOS DE REVISIÓN—"ISSUES" Y CUESTIONES EN LA CORTE INFE-
   RIOR—CUESTIONES QUE NO APARECEN SE LEVANTARAN EN LA CORTE INFERIOR.
   —Cuando nada hay en los autos en que fundar la conclusión de un apelante
   de que en la corte inferior él llamara la atención respecto a la suficiencia
   de notificación héchale de una petición de deslinde presentada, la corte de
   apelación no considerará la cuestión que en tal forma trata de levantar dicho
   apelante.
2. REIVINDICACIÓN—JURISDICCIÓN, PARTES, DILIGENCIAS *(Process)* Y PROCEDIMIEN-
   TOS INCIDENTALES—DESLINDE—SEÑALAMIENTO PARA VISTA DE LA MOCIÓN—
   NOTIFICACIÓN A LA PARTE CONTRARIA.—En las peticiones de deslinde el re-
   quisito jurisdiccional es la notificación a la parte contraria tres días antes
   de la vista y cualquier irregularidad en la forma en que la moción de des-
   linde sea señalada para vista queda renunciada por la parte al allanarse a
   que dicha moción se somete sin discusión.

RESOLUCIÓN de *Domingo Sepúlveda,* J. (San Juan), en incidente so-
   bre deslinde, ordenando el deslinde de la finca en controversia.
   *Confirmada.*

*Enrique Campillo,* abogado del apelante; *Luis Muñoz Morales,* abo-
   gado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

El demandante en una acción reivindicatoria solicitó de
la corte que ordenara el deslinde de la finca en controver-
sia. El 12 de octubre, 1926, el abogado del demandado re-
cibió una notificación acompañada de copia de una "mo-
ción" dirigida al secretario de la corte, en la que se pedía
que la moción solicitando el deslinde fuese incluída en ca-
lendario especial para ser discutida al siguiente lunes, 18
de octubre. Un extracto de las minutas indica que en la

fecha últimamente mencionada se sometieron seis mociones a la consideración de la corte. La orden apelada fechada octubre 27 dice que la moción solicitando el deslinde fué sometida por las partes sin ser discutida.

[1] El demandado cita ahora el caso de *Marrero* v. *Ortega,* 33 D.P.R. 1009, en apoyo de la proposición de que:

"La Corte de Distrito de San Juan cometió error de derecho al estimar y resolver que el demandado apelante había sido debidamente notificado de la petición de deslinde del demandante apelado, procediendo por esa razón a tomar en consideración dicha moción, la cual fué sometida por el demandante apelado, sin haber comparecido dicho demandado apelante y decretando en su consecuencia el examen, mensura y deslinde de la fracción de siete cuerdas."

En los autos no hay nada en que fundar la conclusión de que se llamara la atención de la corte inferior respecto a la suficiencia de la notificación, y la sugestión de que la solicitud para que se hiciera un deslinde fué sometida por el demandante en ausencia del demandado está directamente controvertida por la imputación positiva contenida en la orden de la corte.

[2] El artículo 286 del Código de Enjuiciamiento Civil entre otras cosas dispone:

"La corte o el juez señalará fecha y lugar para la vista, lo que se notificará con copia de la solicitud a la parte contraria, tres días antes de la vista . . ."

El requisito jurisdiccional es la notificación "a la parte contraria tres días antes de la vista." El demandado en este caso fué notificado de la intención del demandante de someter su moción en 18 de octubre, cinco días antes de la fecha señalada para la vista. Cualquiera irregularidad en la forma en que la moción fué señalada para la vista en la fecha indicada fué renunciada por el demandado por haberse allanado a que la moción fuese sometida sin discutirse. El caso de *Marrero* v. *Ortega* no es aplicable.

*La resolución apelada debe ser confirmada.*